UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM BROOKS,

        Petitioner,

v.                                    20-CV-516 (JLS)

JULIE WOLCOTT, Orleans
Superintendent,
ANTHONY ANNUCCI, Acting
Commissioner, New York Department
of Corrections and Community
Supervision,

        Respondents.

---

## DECISION AND ORDER

*Pro se* petitioner William Brooks, an inmate at Orleans Correctional Facility, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate release based on the conditions of his confinement during the COVID-19 pandemic. *See* Dkt. 1. Respondents Julie Wolcott and Anthony Annucci moved to convert Brooks's petition to one brought pursuant to 28 U.S.C. § 2254 and to stay their response on the merits until after the Court decides the motion to convert. *See* Dkt. 5. The Court granted Respondents' motion to the extent it sought a stay and ordered Brooks to respond to the motion to convert. *See* Dkt. 6. For the following reasons, the Court now grants Respondents' motion to convert the petition.

## FACTS[1]

Brooks currently is in custody at Orleans Correctional Facility ("Orleans"). *See generally* Dkt. 1, at 1, ¶ 1.[2] He is serving a 22-years-to-life sentence for second-degree murder and attempted robbery in the first degree. *See* Dkt. 1 at 2 ¶ 5; *see also* Dkt. 5-2, 5-3 (documenting Brooks's conviction and sentence). Brooks alleges currently he is classified as a medium-security inmate because of good behavior and is about thirty months away from a parole board hearing. *See* Dkt. 1, at 2 ¶¶ 6, 8.

Brooks alleges that the correctional facility setting and operations of Orleans make it impossible for Respondents to follow health authorities' recommendations and prevent the rapid spread of a highly contagious disease like COVID-19. Dkt. 7-1, at 6-8 ¶¶ 22-35. Brooks describes his setting as a "dorm one with over 50 inmates in unclosed area and space" with only "one inch and half partitions separating" him from the other inmates. Dkt. 1, at 3 ¶ 9; Dkt. 7-1, at 6 ¶ 26. Brooks relates he must use the same bathroom, toilets, showers, phones, and other items as forty-nine other individuals. Dkt. 7-1, at 7 ¶ 27. According to Brooks, if an outbreak occurs within the facility, the staff "is not equipped to respond" and the "current state of prison condition[s] does not allow social distancing." Dkt. 1, at 4 ¶ 15. Brooks alleges that more than eleven employees have been "within the walls of the facility

---

[1] The information in this section is drawn from Brooks's petition (Dkt. 1), his motion for a temporary restraining order (Dkt. 2), and the proposed supplemental petition (Dkt. 7-1).

[2] Page references are to the numbering generated by CM/ECF, which appears in the header of each page.

with COVID-19." Dkt. 1, at 4 ¶ 13. Brooks describes how staff only wear the provided masks in Brooks's dorm when "staff of a higher ranking" visit, and every staff member except for two have "consistently shunned the responsibility to wear the mask provided." Dkt. 2, at 4 ¶¶ 4-6.

Brooks is "concerned" for his health because he suffers from "recently physician diagnosed medical conditions [including] hypertension, tachycardia and high-blood pressure." Dkt. 1, at 3 ¶ 8; Dkt. 7-1, at 3-4 ¶ 13. Brooks claims his medications for these medical conditions weaken his immune system and cause side effects such as shortness of breath, acute dizziness, irregular or slowing of the heartbeat, and vertigo. Dkt. 1, at 3 ¶ 10; Dkt. 7-1, at 4 ¶¶ 14-15. Brooks relates he has suffered "several episodes" due to these medical conditions and side effects, resulting in "being taken to the outside hospital" on five occasions since November 2019 "because the facility's medical staff is inadequate to protect his health." Dkt. 1, at 3 ¶ 11; Dkt. 2, at 5 ¶ 9. Based on these circumstances, Brooks alleges he is in imminent danger and there is a "grave risk" of his death if he were to contract COVID-19 while in the care and custody of Respondents. Dkt 7-1, at 9 ¶ 39; Dkt. 2, at 3-4 ¶ 2.

Brooks cites to numerous health authorities and emergency declarations, both on state and national levels, to support his claim that his "prison conditions became unconstitutional" in light of COVID-19. Dkt. 1, at 2 ¶ 7, at 4 ¶ 16; Dkt. 7-1, at 4-8 ¶¶ 16-35. Brooks claims that the state courts effectively have been closed since March 17, 2020, and that various executive orders have suspended and

3

modified normal operations of rules, laws, regulations, etc.  Dkt. 1, at 4 ¶ 14; Dkt. 7-1, at 4-5 ¶¶ 18-19.  As a result, Brooks seeks a writ of habeas corpus ordering Respondents to discharge petitioner from custody, or that the U.S. Marshal remove petitioner from Orleans if Respondents fail to comply.  Dkt. 1, at 5.

## PROCEDURAL HISTORY

Brooks filed his petition on April 29, 2020.  Dkt. 1.  On that date, he also filed a motion for a temporary restraining order.  Dkt. 2.  The Court set an accelerated briefing schedule, ordering Respondents to respond to the petition within five days.  Dkt. 3.

On May 6, 2020, Respondents moved to convert Brooks's petition to one brought pursuant to Section 2254 and to stay their response on the merits until after the Court decides the motion to convert.  *See* Dkt. 5.  The next day, the Court granted Respondents' motion to the extent it requested a stay and ordered Brooks to respond to the motion to convert by May 14, 2020.  *See* Dkt. 6.  The Court also cautioned that a decision to convert the petition could affect Brooks's ability to file another Section 2254 petition and, with that knowledge, asked Brooks to confirm that he wished to proceed with the petition.  *See* Dkt. 6.

On May 10, 2020,[3] Brooks submitted a motion for leave to file a supplemental petition and a copy of said supplemental petition, again under Section 2241(c)(3).

---

[3] This motion was docketed on May 12, 2020.  Based on the various signature dates, and Brooks's subsequent filings, the Court assumes that this filing (Dkt. 7) was not

*See* Dkt. 7.  Brooks did not address in this filing whether he wished to proceed or whether he opposed Respondents' motion to convert.  Brooks next submitted a motion for judgment on the pleadings, which was dated May 12, 2020 and filed on May 19, 2020.  Dkt. 8.  In the accompanying affidavit and memorandum of law, Brooks clearly indicates his intention to proceed with a habeas petition under Section 2241, despite Respondents' motion to convert.  *See* Dkt. 8, at 4 ("[T]he petitioner…refuses to withdraw his right to file a § 2241 habeas petition.  The petitioner has standing to challenge the execution of state sentence i.e. condition of confinement under § 2241."); Dkt. 8, at 14 ("[T]he petitioner refuses [to] withdraw his § 2241 habeas petition").  Brooks also filed a request for clerk's entry of default (Dkt. 9), dated May 12, 2020, which was denied on May 20, 2020.  Dkt. 10.

## DISCUSSION

Because Brooks is a *pro se* petitioner, the Court will "construe [his] pleadings liberally and interpret them 'to raise the strongest arguments they suggest.'" *See Wells v. Annucci*, No. 19-CV-3841, 2019 WL 2209226, at *1 (S.D.N.Y. May 21, 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

**I.     Respondents' Motion to Convert.**

Respondents moved to convert Brooks's petition under Section 2241 to a petition pursuant to Section 2254 because relief under Section 2241 is not available

---

submitted as a response to Respondents' motion or this Court's order of May 7, 2020.  *See* Dkt. 7, at 1, 4.; Dkt. 7-1, at 9-10.

to Brooks, who is in custody under a state-court judgment of conviction. *See* Dkt. 5; Dkt. 5-1, at 2 ¶ 4. Brooks opposes Respondents' motion and argues that he has standing to challenge the execution of his sentence—the condition of his confinement in violation of the Eighth Amendment—under Section 2241. *See* Dkt. 8, at 4 ¶¶ 18-19; Dkt. 8, at 13. Brooks argues that "substance trumps form" and that he is entitled to relief in light of Respondents' delay in addressing the merits of his petition during the COVID-19 pandemic. *See* Dkt. 8, at 13-14.

### A. Habeas Corpus Relief.

There are three statutes under which an individual in custody may seek a writ of habeas corpus, two of which are relevant here. Section 2254 applies to "a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Section 2241 is worded more broadly and extends to a prisoner who, among other things, is "in custody under . . . the authority of the United States" or is "in custody in violation of the Constitution or laws . . . of the United States." *See* 28 U.S.C. § 2241(c)(1), (3). And Section 2255, which does not apply here, allows a "prisoner in custody under sentence of a court established by Act of Congress"—*i.e.*, a federal prisoner—to attack his sentence. *See* 28 U.S.C. § 2255(a).

The Second Circuit has addressed the difference among these provisions. A person in federal custody may petition for a writ of habeas corpus under Section 2255 or Section 2241, depending on the nature of the challenge: "a federal prisoner's challenge to the *execution* of a sentence is properly filed pursuant to

[Section] 2241, rather than Section 2255, because Section 2255 allows a federal prisoner to challenge only the legality of the original *imposition* of a sentence." *See James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) (citing *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997)).  By contrast, Section 2254 "permits a state prisoner to file a habeas petition 'on the ground that he is in custody in violation of the Constitution or laws . . . of the United States.'" *Id.* at 166-67 (quoting 28 U.S.C. § 2254(a)).  In other words, a "claim that one is 'in custody' in violation of federal laws [under Section 2254] is broader than a claim that the imposition of one's sentence is illegal." *Id.* at 167.

The "plain language of the pertinent statutes indicates . . . that a federal prisoner may challenge the imposition, but not the execution, of a sentence under Section 2255, while a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254." *James*, 308 F.3d at 167.  As a result, a state prisoner's "petition claiming improper execution of his sentence [is] properly brought under Section 2254." *Id.*

The Second Circuit later expanded on this analysis when it considered a parole revocation challenge, concluding that "a state prisoner challenging his or her parole revocation must file under section 2254." *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 275 (2d Cir. 2003).  Comparing a person in custody on a state judgment to one in custody on a federal judgment, the court explained that a state prisoner "not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence . . . under section 2254." *See id.* at

278. Section 2241 is "unavailable" to such a petitioner. *See id.* Stated otherwise, "Section 2241 is not an independent and separate avenue of relief but is to be read in conjunction with the requirements of [Section] 2254, which are 'a limitation on the general grant of jurisdiction conferred in section 2241 that applies to cases involving prisoners subject to state court judgments.'" *Torres v. Cronin*, No. 19-cv-06462, 2019 WL 6001000, at *1 (W.D.N.Y. Nov. 14, 2019) (quoting *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006)).

Brooks is in state custody pursuant to a state judgment. *See* Dkt. 1, at 2 ¶ 4; Dkt. 5-1, at 1 ¶ 2. He alleges that his continued custody at Orleans during the COVID-19 pandemic violates his rights under the 8th Amendment to the United States Constitution. *See* Dkt. 7-1, at 2 ¶ 5. In other words, Brooks claims that his continued custody in execution of his sentence violates his constitutional rights. As such, his petition falls within the purview of Section 2254.[4]

The Court is not bound by Brooks's choice to frame his petition under Section 2241 and, after considering the substance of his allegations, must convert the petition to one filed pursuant to Section 2254.[5] *See Cook*, 321 F.3d at 277 ("[I]f an

---

[4] Brooks argues that his petition is based on the conditions of his confinement. *See* Dkt. 8, at 13-14. The Second Circuit has interpreted prison condition claims as comprising challenges to execution of a sentence in the context of federal prisoners. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("This court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, 'including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and prison conditions.'" (citation omitted)). There is no reason to conclude differently in the context of a state prisoner's prison conditions-based claim under Section 2254.

[5] The Court recognizes that district courts across the country have treated state prisoners' COVID-19-related habeas petitions differently. *Compare Makin v.*

8

application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead."); *Torres*, 2019 WL 6001000, at *2 (concluding that petitioner was limited to relief under Section 2254, noting that petitioner's framing under Section 2241 was not dispositive, and converting to a Section 2254 petition).

### B. Section 1983 Relief.

Neither party argues that 42 U.S.C. § 1983 applies to Brooks's claims. Because Brooks is proceeding *pro se* and because his petition challenges the conditions of his confinement, the Court briefly addresses Section 1983, as well.

The Supreme Court has recognized that "the traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). As such, claims alleging that prison officials' conduct "was causing or would cause . . . illegal physical confinement" and seeking relief equal to

---

*Wainwright*, No. 20-cv-912, 2020 WL 2085141, at *1 (N.D. Ohio Apr. 30, 2020) (holding that state prisoner's habeas petition "was not properly brought under [Section] 2241" and that Section 2254 was the proper provision), *and Money v. Pritzker*, — F. Supp. 3d — , 2020 WL 1820660, at *2 (N.D. Ill. Apr. 10, 2020) (examining petition for "writs of habeas corpus under 28 U.S.C. § 2254 for relief from custody in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution"), *with McPherson v. Lamont,* — F. Supp. 3d — , 2020 WL 2198279, at *5 & n.3 (D. Conn. May 6, 2020) (holding that Section 2241 was the proper provision for sentenced and pre-trial prisoners in state custody based on Second Circuit cases, *Roccisano v. Menifee*, 293 F.3d 51 (2d Cir. 2002), and *Adams v. United States*, 372 F.3d 132 (2d Cir. 2004), that involved *federal* prisoners' habeas claims). The Court has considered these decisions, but bases its analysis on the Second Circuit authority cited above.

"immediate release from physical custody" fall "squarely within th[e] traditional scope of habeas corpus." *See id.* at 487.

Relying on *Preiser*, the Second Circuit later recognized that the "problem of deciding which prisoner petitions must be considered exclusively as petitions for habeas corpus under [Section] 2254 . . . and which lie properly as civil rights actions under 42 U.S.C. [§] 1983 . . . has not been . . . easy." *Williams v. Ward*, 556 F.2d 1143, 1150 (2d Cir. 1977). The court noted that that a petition "protesting against prison conditions, but not seeking release . . . clearly falls" under Section 1983 but did not consider whether the same petition seeking release would require a different conclusion. *See id.* at 1150.

Brooks unambiguously seeks immediate release from the custody of Respondents. *See* Dkt. 1, at 5. To be sure, he alleges that the conditions of his confinement render his custody unconstitutional. *See* Dkt. 1, at 4 ¶¶ 15-16; Dkt. 7-1, at 9 ¶ 39. But he does not seek an order directing prison or state officials to improve or correct any alleged deficiencies in those conditions; he seeks only immediate release from physical custody. *See* Dkt. 1, at 5. Accordingly, Brooks's claims fall "squarely within th[e] traditional scope of habeas corpus." *See Preiser*, 411 U.S. at 487; *see also Evil v. Whitmer*, No. 20-cv-343, 2020 WL 1933685, at *2-*3 (W.D. Mich. Apr. 22, 2020) ("Petitioner's claims regarding the constitutionality of his custody in the jail because of his particular susceptibility to respiratory disease are principally claims regarding the conditions of his confinement. Such claims should be raised by a complaint for violation of 42 U.S.C. § 1983. But, the relief

Petitioner seeks—release from custody—is available only upon habeas corpus review.  A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983." (citing *Preiser*, 411 U.S. at 484)).

## II.    Brooks's Motion to Amend/Supplement Petition

Brooks also filed a motion for leave to file a supplemental petition.  *See* Dkt. 7; Dkt. 7-1.  Pursuant to Federal Rule of Civil Procedure 15(d), the court in its discretion may permit a party, upon motion and reasonable notice, "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Leave to file a supplemental pleading is "normally granted, especially when the opposing party is not prejudiced by the supplemental pleading."  *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).  Leave to file a supplemental pleading should also be freely permitted "when the supplemental facts connect it to the original pleading."  *See id.*

Here, Brooks is alleging the same legal claims—unconstitutional prison conditions and inadequate medical care in violation of the Eighth Amendment—for his continued confinement in the ongoing COVID-19 emergency.  Dkt. 7-1, at 2 ¶ 5, at 7-9 ¶¶ 32-39; *see Rodriguez v. Conway*, No. 10-CV-6243L, 2011 WL 4829725, at *3 (W.D.N.Y. Sept. 6, 2011) (granting motion to supplement claims against prison doctor where the initial complaint and proposed claims alleged the same legal claims, namely withholding of adequate medical treatment), *report and*

11

*recommendation adopted by* 2011 WL 4829869 (W.D.N.Y. Oct. 12, 2011). For these reasons, and because of Brooks's status as a *pro se* petitioner, Brooks is permitted to supplement his petition. The filing at Dkt. 7-1 is his supplemental petition.

### III.   Brooks's Motion for Judgment on the Pleadings

Brooks also moved for judgment on the pleadings. Dkt. 8. In support of his motion for judgment, Brooks alleges that Respondents "disregarded the Court's mandate and instead erroneously filed and served a motion to convert" the petition and stay the time to answer. *See* Dkt. 8, at 3 ¶¶ 9-11. He cites this Court's May 1, 2020 order that Respondents respond to the petition within 5 days of service of its order. *See* Dkt. 8 at 3 ¶ 9; *see also* Dkt. 3. Respondents filed a motion in response to the petition—albeit not on the merits—on May 6, which was timely under the Court's May 1 order. *See* Dkt. 5. The Court therefore denies Brooks's motion for judgment on the pleadings as moot.

## **CONCLUSION**

For the reasons stated above, the Court: GRANTS Respondents' motion to convert the petition, filed under 28 U.S.C. § 2241, to one filed under 28 U.S.C. § 2254 (Dkt. 5); GRANTS Brooks's motion to supplement the petition (Dkt. 7); and DENIES Brooks's motion for judgment on the pleadings (Dkt. 8).

The Clerk of Court shall update the docket to reflect that Brooks's petition was filed pursuant to 28 U.S.C. § 2254 and shall mail Brooks a copy of Dkt. 5, along with this decision and order.

The parties' further submissions on the merits are governed by the Court's May 7, 2020 order (Dkt. 6).

SO ORDERED.

Dated:   May 20, 2020
         Buffalo, New York

                                                   s/ John L. Sinatra, Jr.
                                                  JOHN L. SINATRA, JR.
                                                  UNITED STATES DISTRICT JUDGE