UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM BROOKS,

        Petitioner,

v.                                                                    20-CV-0516 (JLS)

JULIE WOLCOTT, Superintendent of
Orleans Correctional Facility, et al.,

        Respondents.

---

## ORDER

*Pro se* Petitioner William Brooks, an inmate at Orleans Correctional Facility, filed the instant motion seeking relief from a May 20, 2020 decision and order of this Court (Dkt. 10) that granted Respondents' motion to convert Brooks's petition, filed under 28 U.S.C. § 2241, to one filed under 28 U.S.C. § 2254. *See* Dkt. 10.

By decision and order dated June 11, 2020, this Court next granted Respondents' motion to dismiss and denied Brooks's motions to amend and for expedited relief. Dkt. 19. A judgment was issued on June 12, 2020. Dkt. 20. That same day, a motion for relief from this Court's May 20, 2020 decision and order (Dkt. 10)[1] was docketed. Dkt. 21. Although this motion was entered on the electronic docket after the Court's order dismissing the case, Brooks's motion was

---

[1] In the May 20, 2020 decision and order, the Court granted Respondents' motion to convert Brooks's petition, filed under 28 U.S.C. § 2241, to one filed under 28 U.S.C. § 2254. Dkt. 10, at 8. The Court also granted Brooks's motion to supplement his petition but denied his motion for judgment on the pleadings. Dkt. 10, at 12.

dated June 8, 2020, and the mailing envelope was dated June 9, 2020. *See* Dkt. 21, at 1-2, 19. Thus, pursuant to the "prison mailbox rule," Brooks's motion was filed June 9, 2020—before the Court's order dismissing this case. *See Benitez v. King*, 298 F. Supp. 3d 530, 534 n.3 (W.D.N.Y. 2018) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)).

In this latest motion, Brooks asks this Court "for an order pursuant to FRCP 60(b)(3) seeking relief" from the Court's May 20, 2020 decision and order, as well as for the Court to reconsider issuing a temporary restraining order. Dkt. 21, at 1, 7. The basis of Brooks's request is that Respondents did not provide legitimate documents—containing the Monroe County court's seal and clerk's certification—to show Brooks is in custody due to a valid state-court judgment of conviction. Dkt. 21, at 11. Instead, Respondents provided state records from the Department of Corrections and Community Supervision ("DOCCS").

Under Rule 60, a court may rescind or amend a final judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence that could not have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A Rule 60(b) motion "is generally not favored and is properly granted only upon a showing of exceptional circumstances" and "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Houston v. Sheahan*, No. 13-CV-6594-FPG, 2019 WL 3797934, at *1 (W.D.N.Y. Aug.

2

13, 2019) (quoting *Kroemer v. Tantillo*, 758 F. App'x 84, 87 (2d Cir. 2018) (summary order)).

While Brooks cites to Rule 60, his motion may also be liberally construed as a motion under Rule 59(e). Rule 59(e) permits a motion to alter or amend a judgment, if filed no later than 28 days after its entry. Fed. R. Civ. P. 59(e). The standard governing motions for reconsideration is strict: relief will generally be denied unless the moving party can point to controlling decisions or data the court overlooked, and which the movant could reasonably believe would have altered the court's original decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The primary grounds justifying reconsideration are "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257).

Upon review of the motion papers, the Court finds no basis to reconsider its May 20, 2020 order under either rule. Brooks has not shown that Respondents' use of DOCCS records rises to the level of fraud, misrepresentation, or misconduct

required by Rule 60(b).[2] Further, this Court is unconvinced that Brooks is entitled to relief based on "newly discovered" or overlooked evidence because the documents Brooks challenges (Dkts. 5-2, 5-3, Exh. 1) were filed approximately two weeks before the decision and order he wishes the Court to reconsider. Nowhere in Brooks's multiple prior filings did he challenge the legitimacy of the documents Respondents attached to their motion to convert the petition. Neither has Brooks provided a basis for this Court to reconsider its denial of his request for a temporary restraining order. Thus, Brooks's motion must be denied because it does not satisfy the demanding standards under Rule 59 or Rule 60.

---

[2] This Court is not persuaded by Brooks's argument particularly because courts frequently take judicial notice of information available through DOCCS's website. *See, e.g.*, *Randle v. Alexander*, 170 F. Supp. 3d 580, 585 n.2 (S.D.N.Y. 2016) (court taking judicial notice of a fact using the DOCCS Inmate Population Information Search).

## CONCLUSION

For the reasons stated above, the Court DENIES Brooks's motion for relief from the Court's May 20, 2020 order (Dkt. 21). The Clerk of Court is directed to close the case.

For the reasons stated in the Court's earlier decision and order (Dkt. 19) dismissing the case, the Court denies a certificate of appealability and denies leave to appeal as a poor person. Any appeal must comply with the requirements of Rule 4 and Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:  August 12, 2020
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE